Honorable Marc Barreca

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re: ) Chapter 7
) Bankruptcy No. 13-10300
DARRELL W. COOLEY and )
JOYCE L. COOLEY, )
)
    Debtor(s). )
_____)
)
BANKRUPTCY ESTATE OF DARRELL ) Adversary No.
AND JOYCE COOLEY, by and through )
Michael P. Klein, Bankruptcy Trustee )
)
    Plaintiff, )
) COMPLAINT TO RECOVER
    v. ) PREFERENCE OR FRAUDULENT
) CONVEYANCE
GREG COOLEY, a single person, )
)
    Defendant. )
_____)

COMES NOW the plaintiff, the Bankruptcy Estate fo Darrell and Joyce Cooley, by and through Michael P. Klein, bankruptcy trustee, through counsel, The Rigby Law Firm, and James Rigby, and states and alleges as follows:

I. PARTIES AND JURISDICTION

1. The plaintiff is the duly qualified and acting trustee of the estate of the above- named debtors.

2. Defendant Greg Cooley was at all times relevant herein a single person or, if he is a married person, acting in his separate capacity, and a resident at 16340 Lookout Lane, Bow, Washington 98232. Greg Cooley is the brother of Darrell Cooley.

**COMPLAINT TO RECOVER
PREFERENCE OR FRAUDULENT
CONVEYANCE -** 130801eCmp  Page 1

THE RIGBY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101
(206) 441-0826

3. This adversary proceeding is one arising in the Chapter 7 case of the above-named debtors now pending in this court. This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1334 and 11 U.S.C. §§ 544, 547, 548 and 550. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (H), (K) and (0). Venue in this court is proper under 28 U.S.C. §§ 1391 and 1409.

## II. FACTS

4. On May 1, 2011, the debtors executed a deed of trust wherein the beneficiary was Greg Cooley, concerning certain real property legally described as follows:

> Resultant Parcel 2 of Boundary Line Adjustment recorded November 27, 2001, under Auditor's File No. 200111270435, being a portion of Lots 1 and 2, Block 2, First Addition to Sandy Hook Park, according to the plat recorded in Volume 5 of Plats, Pages 33 and 34, in Kitsap County, Washington.

5. The deed of trust secured a debt in the sum of $50,000. The debtors executed a promissory note in favor of Greg Cooley on May 1, 2011, in the amount of $50,000.

6. On August 9, 2012, said deed of trust was recorded at Kitsap County Auditor's No. 201208090107.

7. The transfer was effective on the date that it was recorded; namely, August 9, 2012.

8. The transfer was made within one year before the filing of the petition commencing this case.

9. The transfer was made for and on account of an antecedent debt owed by the debtors to the defendant.

10. At the time of said transfer the debtors were insolvent.

11. The transfer referred to in the preceding paragraphs will enable the defendant to receive more than he would received under Chapter 7 of the Bankruptcy Code if the transfer had not been made.

12. On June 20, 2013, the trustee requested the return of the transfer and the defendant has refused to turn over the funds.

**COMPLAINT TO RECOVER PREFERENCE OR FRAUDULENT CONVEYANCE -** 130801eCmp   Page 2

THE RIGBY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101
(206) 441-0826

Case 13-10300-MLB    Doc 24    Filed 08/05/13    Ent. 08/05/13 11:29:03    Pg. 2 of 3

### III. FIRST CAUSE OF ACTION

13. By reason of the foregoing, the defendant is liable to the plaintiff in the sum above stated, plus for any other money or property transferred by the debtors to the defendant within one year prior to the filing of the bankruptcy petition, pursuant to §§ 547 and 550 of the Bankruptcy Code.

### IV. SECOND CAUSE OF ACTION

14. By reason of the foregoing, should the defendant deny creditor status, the transfer of the funds and assets as described above, and any additional funds or assets received within one year of the bankruptcy, are fraudulent conveyances and avoidable by plaintiff pursuant to §§ 548 and 550 of the Bankruptcy Code.

WHEREFORE, plaintiff prays for judgment as follows:

a) avoiding the deed of trust and the underlying debt and preserving same for the bankruptcy estate; or, in the alternative, for a judgment in the amount of $50,000;

b) for interest from the date of the transfer, plus costs and reasonable and/or statutory attorney's fees; and,

c) for such further relief as this court deems just in the premises.

DATED this 2nd day of August, 2013.

THE RIGBY LAW FIRM

/S/ *James Rigby*

James Rigby, WSBA #9658
Of Attorneys for Plaintiff/Trustee

**COMPLAINT TO RECOVER**
**PREFERENCE OR FRAUDULENT**
**CONVEYANCE -** 130801eCmp   Page 3

THE RIGBY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101
(206) 441-0826

Case 13-10300-MLB   Doc 24   Filed 08/05/13   Ent. 08/05/13 11:29:03   Pg. 3 of 3